**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL S. OROS,<br><br>                    Petitioner - Appellant,<br><br>     v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>                    Respondent - Appellee. | No. 12-71071<br><br>Tax Ct. No. 19400-09<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

     Michael S. Oros appeals pro se from the Tax Court's decision, following a

bench trial, upholding the Commissioner of Internal Revenue's determination of an

income tax deficiency for tax year 2006.  We have jurisdiction under 26 U.S.C.

§ 7482(a).  We review de novo the Tax Court's conclusions of law and for clear

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

error the Tax Court's factual determinations. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir. 1995). We affirm.

The Tax Court did not clearly err in determining that Oros failed to produce sufficient evidence to demonstrate his entitlement to claimed travel-related business deductions because Oros did not show that he was in the trade or business of being a book author. *See* 26 U.S.C. § 162(a) (taxpayer may deduct expenses for carrying on a "trade or business"); *Comm'r v. Groetzinger*, 480 U.S. 23, 35 (1987) ("[T]o be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and . . . the taxpayer's primary purpose for engaging in the activity must be for income or profit. A sporadic activity, a hobby, or an amusement diversion does not qualify."); *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of showing right to claimed deduction).

We reject Oros's contentions regarding conduct by Internal Revenue Service officials because it is irrelevant to the Tax Court's determination.

**AFFIRMED.**

12-71071